# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1507V
UNPUBLISHED

| | |
|---|---|
| MAURA MCAULIFFE,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: July 28, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On September 28, 2018, Maura McAuliffe filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on October 27, 2014. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 23, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On July 23, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $207,356.28. Proffer at 3. In the Proffer, Respondent represented that Petitioner agrees with the proffered

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $207,356.28 (representing compensation in the amount of $200,000.00 for pain and suffering and $7,356.28 for past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| MAURA MCAULIFFE, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 18-1507V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On February 18, 2020, Chief Special Master Corcoran issued Findings of Fact, finding that the onset of petitioner's left shoulder injury related to vaccine administration ("SIRVA") occurred within 48 hours of vaccination. ECF No. 27 at 2, 4, 6. On March 18, 2020, the Secretary of Health and Human Services ("respondent") filed an Amended Vaccine Rule 4(c) Report advising that, in light of Chief Special Master Corcoran's Findings of Fact ruling that the onset of petitioner's left arm pain occurred within 48 hours of vaccination, and the medical evidence submitted in this case, respondent did not dispute that petitioner had satisfied all legal prerequisites for compensation under the Vaccine Act. ECF No. 28 at 2-3, 11-12. Thereafter, on March 23, 2020, Chief Special Master Corcoran entered a Ruling on Entitlement, finding petitioner, Maura McAuliffe, entitled to Vaccine Act compensation for her Table SIRVA injury. ECF No. 29.

I.  **Items of Compensation**

A.  Pain and Suffering

Respondent now proffers that, based on the Chief Special Master's entitlement decision and the evidence of record, Maura McAuliffe should be awarded $200,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents Maura McAuliffe's expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent now proffers that, based on the Chief Special Master's entitlement decision and the evidence of record, petitioner should be awarded past unreimbursable expenses in the amount of $7,356.28, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.[1]

II.  **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to Maura McAuliffe should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of $207,356.28,

---

[1] The parties have no objection to the amount of the proffered award of damages. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's March 23, 2020 entitlement decision.

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

representing compensation for pain and suffering ($200,000.00), and past unreimbursable expenses ($7,356.28), in the form of a check payable to petitioner, Maura McAuliffe.

III.    **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Maura McAuliffe:     **$207,356.28**

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

s/ Sarah C. Duncan
SARAH C. DUNCAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 514-9729
Fax:  (202) 616-4310

DATED:  July 23, 2020